**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MIGUEL ANGEL GARZA-
GUERRA,                                            :

                                                   :      **CIVIL ACTION NO. 3:24-740**
                   **Plaintiff**

                                                   :

v.                                                        **(JUDGE MANNION)**

                                                   :

UNITED STATES OF
AMERICA,                                           :

                   **Defendant**                   :

## MEMORANDUM

Pending before the court is plaintiff Miguel Angel Garza-Guerra's

motion for reconsideration of the court's February 18, 2025, order, (Doc. 9),

dismissing his amended complaint, (Doc. 10), with prejudice. (**Doc. 11**). For

the reasons stated herein, Plaintiff's motion will be **DENIED**.

## I.   BACKGROUND

### a.  Plaintiff's conviction and sentence

On April 23, 2015, Plaintiff pleaded guilty to conspiracy to distribute

and possess with intent to distribute methamphetamine, in violation of 21

U.S.C. §846, in the United States District Court for the Eastern District of

Texas. *See* (Docs. 1 ¶6, 10 ¶17); Order Adopting United States Magistrate

Judge's Rep. at 1, *United States v. Garza-Guerra*, No. 4:13-cr-14-8

(E.D.Tex.), ECF No. 461. On December 30, 2015, Plaintiff was sentenced to

one-hundred-thirty-five (135) months' imprisonment, to be followed by a year of supervised release. *See* (Docs. 1 ¶6, 10 ¶17); J. at 2–3, *United States v. Garza-Guerra*, No. 4:13-cr-14-8 (E.D. Tex.), ECF No. 596. Although Plaintiff appealed from his sentence to the United States Court of Appeals for the Fifth Circuit, he later voluntarily dismissed the appeal. *See* Mandate, *United States v. Garza-Guerra*, No. 4:13-cr-14-8 (E.D. Tex.), ECF No. 596.

### b. Plaintiff's §2241 petition

On March 14, 2023, Plaintiff filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. *See* Pet., *Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 1. In his Section 2241 petition, Plaintiff sought "an order from the Court directing his immediate early transfer to supervised release from FCC Allenwood . . . based on his calculation of the credits he has earned under the [FSA], which . . . would have caused his release since September 19, 2022." *Id.* at 1. He claimed to have earned a year's worth of FSA time credits, and he generally asserted that the BOP had "arbitrarily, capriciously, and willfully refused to apply earned time credits [("ETCs")] to prisoners who have voluntary [Immigration and Customs Enforcement ("ICE")] detainers because of their nationality." *Id.*

In denying the petition, the court explained that federal inmates are ineligible for FSA ETCs if they are "the subject of a final order of removal

under any provision of the immigration laws." Mem. at 3, *Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D.Pa.), ECF No. 8 (citing 18 U.S.C. §3632(d)(4)(E)). Because the Government "presented evidence that [Plaintiff was] subject to a deportation order," the court concluded that the BOP "properly determined that [he was] not eligible for application of FSA time credits." *Id.* at 4 (citations omitted).

Following the denial of his habeas petition, Plaintiff filed a motion for reconsideration in which he contended, *inter alia*, that the court's denial was in error because the Government had failed to produce a copy of his actual final order of removal and, as such, this was "prima facie evidence that no such order exist[ed]." Mot. for Recons. at 1, *Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 10. He also requested that if a final order of removal exists, the court should compel the Government to produce it because it "is the only valid evidence that could justify the denial of [ETCs] for a prisoner." *Id.* at 2.

The court then issued an order on June 26, 2023, directing the Government to provide the court with Plaintiff's correct alien number and a copy of his final order of removal. *See* Order, *Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 14. The Government timely responded to the court's order by providing Plaintiff's alien number and a copy of his

- 3 -

final order of removal on June 28, 2023. *See Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 15.

After reviewing the parties' submissions, this court entered an order on August 21, 2023, denying Plaintiff's motion for reconsideration. *See* Order, *Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 17. Plaintiff then filed a notice of appeal to the Third Circuit Court of Appeals, which the Third Circuit dismissed on December 19, 2023, due to Plaintiff's failure to pay the filing fee as directed. *See Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 22. Although Plaintiff sought to have the Third Circuit reinstate/reopen his appeal, the Third Circuit declined to do so via an order entered on February 7, 2024. *See Garza-Guerra v. Warden Allenwood FCI*, No. 23-2581 (3d Cir.), ECF Nos. 8, 13. Plaintiff then filed a motion to have the Third Circuit reconsider the denial of his motion to reinstate/reopen his appeal, which the Third Circuit denied on April 19, 2024. *See Garza-Guerra v. Warden Allenwood FCI*, No. 23-251 (3d Cir.), ECF No. 16.

### c. Proceedings in this case

On May 2, 2024, Plaintiff commenced the instant action by filing his complaint. (Doc. 1). In the complaint, Plaintiff asserted false imprisonment and negligence claims against Defendant United States of America (the

- 4 -

"Government") under the Federal Tort Claims Act ("FTCA") based on his general allegation that he was unlawfully detained at FCI Allenwood Low beyond his maximum sentence. (Doc. 1 at 1–4). On May 20, 2024, Plaintiff filed a motion to amend his complaint, accompanied by a proposed amended complaint. (Docs. 6, 6-1).

On February 18, 2025, the court issued a memorandum, (Doc. 8), and order, (Doc. 9), dismissing Plaintiff's amended complaint, (Doc. 10), with prejudice. The court, after screening Plaintiff's original complaint, determined that Plaintiff's FTCA claims were barred by collateral estoppel due to his prior §2241 petition, and that his proposed amended complaint should be dismissed with prejudice "because further amendment would be futile." (Doc. 8 at 24). The court then "direct[ed] the Clerk of Court to docket [Plaintiff's] proposed amended complaint as his amended complaint . . . [and] dismiss with prejudice the amended complaint." Id. at 24; see also (Doc. 10).

On March 3, 2025, Plaintiff filed the present motion for reconsideration of the court's order dismissing his amended complaint with prejudice. In his motion, Plaintiff argues that: "the Court's decision rest on (1) an erroneous application of collateral estoppel, (2) a misinterpretation of statutory and regulatory requirements governing final orders of removal, and (3) manifest injustice resulting from the Court's apparent reliance on fabricated or

- 5 -

backdated evidence presented by the government to justify Plaintiff's unlawful detention." (Doc. 11 at 1). The matter is now ripe for disposition.

## II.    LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which gives a party 28 days to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Indeed, "a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). Reconsideration of a judgment is an

extraordinary remedy, and the court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## III.    DISCUSSION

Plaintiff's arguments can be summarized as follows: (1) the final order of removal that the court relied on in its decision denying his §2241 petition was invalid and fabricated, which renders the issue of whether he was unlawfully detained beyond his proper release date inconclusively litigated, and his §2241 proceedings incapable of barring his FTCA claims via collateral estoppel; (2) the prior habeas case and this case deal with distinct issues—FSA credits versus FTCA claims—and, therefore, collateral estoppel does not apply; and (3) Plaintiff was not given a full and fair opportunity to litigate the issues he presents because the Third Circuit Court of Appeals dismissed and refused to reopen the prior habeas case. Each of these arguments are discussed below.

### a) Plaintiff's argument with respect to the final order of removal's invalidity

Plaintiff argues that: the court relied on an immigration detainer letter purporting the existence of an order of removal, rather than an order of removal itself, in denying his §2241 petition; that the final order of removal that the court relied upon in denying his motion for reconsideration of that decision was invalid and fabricated; that the court did not address its

- 7 -

invalidity; and, that, therefore, the court's denial of his prior §2241 petition cannot serve as a basis for collateral estoppel with respect to his present claims.

While the court did rely on an immigration detainer letter stating that a final order of removal existed in making its May 16, 2023, decision denying Plaintiff's §2241 petition, the court then ordered the Government to provide the final order of removal itself in order to rule on Plaintiff's motion for reconsideration. The Government provided the court with that order of removal, (Doc. 15-1), and the court relied upon it to deny the motion for reconsideration. (Doc. 17 at 3-4) ("Given this current information, the Court finds that its Memorandum and Order of May 16, 2023 are not troubled by manifest errors of law, as Respondent has presented evidence that Petitioner is subject to a final order of deportation"). Critically, however, the court also noted its lack of jurisdiction "to review removal orders, hear challenges to removal orders, or stay removal orders." *Id.* at 4, fn. 1.

Indeed, the court again noted that the issue of whether the final order of removal was valid is not an issue that it has jurisdiction to resolve in its February 18, 2025, memorandum in this case. *See* (Doc 9 at 22, fn. 3) ("Garza-Guerra appears to challenge the validity of the final order of removal, even insofar as he contends that the BOP relied on an invalid final order

because it was allegedly entered without him receiving due process. To the extent that Garza-Guerra is attempting to challenge the validity of his final order of removal, this Court lacks subject-matter jurisdiction to consider it" (citing 8 U.S.C. §1252(g))).

Finally, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye*, 846 F.Supp. at 314. These arguments do exactly that. They challenge the court's judgment in Plaintiff's habeas case, rather than this case. Reconsideration of the court's judgment in that case is outside the scope of this present motion.

## b) Plaintiff's argument with respect to the inapplicability of collateral estoppel

Plaintiff argues that the issues in this case and his prior habeas proceedings are distinct, as his habeas petition focused on FSA ETCs, and this case deals with FTCA claims. The court disagrees.

While it is true that Plaintiff's habeas proceedings dealt primarily with unlawful detention because of an alleged failure by the BOP to apply FSA ETCs, and that this case deals primarily with unlawful detention due to the alleged lack of a valid final order of removal, both cases ask the court to settle the central issue of whether his detainment was unlawful after

- 9 -

September 22, 2022, i.e., after the date on which Plaintiff believes he should have been released due to his earning FSA ETCs. Plaintiff attempts to reframe the issue as "whether a valid final order of removal existed as of September 22, 2022," or "whether Plaintiff was wrongfully detained due to reliance on fabricated and backdated evidence." (Doc. 11 at 5).

However, Plaintiff's reframing does not present a new issue for the court to decide. In reality, he simply asks the court to reassess the nature of the documentation that it relied upon in determining that FSA ETCs did not apply to him when it denied his §2241 petition and his motion for reconsideration in 2023. He hopes, it seems, that the court will now view the evidence favorably to him and effectively reverse its prior decision, thereby allowing the FSA ETCs to apply to him. In other words, he seeks to use the present lawsuit as a means to overcome the court's decision in his prior lawsuit, which is exactly what the doctrine of collateral estoppel is designed to prevent.

Furthermore, the court addressed Plaintiff's concerns in its February 18, 2025, order:

> Under federal common law, "[a] finding of issue preclusion [(also known as collateral estoppel)] is appropriate when (1) "the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was

determined by a final and valid judgment; and (4) the determination was essential to the prior judgment" . . . In this case, the first two elements of the collateral estoppel analysis are satisfied because Garza-Guerra previously litigated the issue of whether he should have been released on September 22, 2022 because FSA ETCs should have been applied to his sentence, and he seeks to relitigate that issue in the present case. Although Garza-Guerra previously presented this issue through a Section 2241 habeas petition and not the FTCA, issue preclusion prevents successive litigation of an issue that was resolved in a prior case "even if the issue recurs in the context of a different claim." . . . The third element is also met because the Court denied the Section 2241 petition on the merits and denied his motion for reconsideration. Finally, the fourth element is met because a determination of whether the BOP properly applied FSA ETCs to Garza-Guerra's sentence was essential to the judgment denying his habeas petition. Accordingly, Garza-Guerra's FTCA claims are barred by the doctrine of collateral estoppel.

*Id.* at 20-22 (internal citations omitted).

Finally, as stated above, the issue of whether the final order of removal was valid is not an issue that this court has jurisdiction to resolve.

- 11 -

### c) Plaintiff's argument with respect to not being afforded a full and fair opportunity to litigate the issues

Plaintiff argues that he "was not afforded a full and fair opportunity to litigate the critical issues" because the "Court of Appeals dismissed and refused to reopen the prior habeas case . . . leaving Plaintiff without a meaningful opportunity to challenge the BOP's fabricated evidence." (Doc. 11 at 10).

A review of the record in the habeas proceedings shows that after this court's denial of Plaintiff's habeas petition, and denial of his motion for reconsideration, Plaintiff filed a notice of appeal to the Third Circuit Court of Appeals, which the Third Circuit dismissed on December 19, 2023, due to Plaintiff's failure to pay the filing fee as directed. *See Garza-Guerra v. Thompson*, No. 3:23-cv-445 (M.D. Pa.), ECF No. 22. Although Plaintiff sought to have the Third Circuit reinstate/reopen his appeal, the Third Circuit declined to do so via an order entered on February 7, 2024. *See Garza-Guerra v. Warden Allenwood FCI*, No. 23-2581 (3d Cir.), ECF Nos. 8, 13. Plaintiff then filed a motion to have the Third Circuit reconsider the denial of his motion to reinstate/reopen his appeal, which the Third Circuit denied on April 19, 2024. *See Garza-Guerra v. Warden Allenwood FCI*, No. 23-251 (3d Cir.), ECF No. 16.

- 12 -

Plaintiff was provided a full and fair opportunity to litigate the issues. Although the Third Circuit's decisions were unfavorable to Plaintiff, they did not render the proceedings incomplete or unfair.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 3/2/26
24-740-02